Gong v. Sessions

BIA
Poczter, IJ
A206 560 419

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

SHANGBIN GONG,
> *Petitioner,*

v.                                                  16-2052
                                                    NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Thomas V. Massucci, New York, NY.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant
                             Attorney General; Holly M. Smith,
                             Senior Litigation Counsel; Craig
                             A. Newell, Jr., Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of
                             Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shangbin Gong, a native and citizen of the People's Republic of China, seeks review of a June 3, 2016, decision of the BIA, affirming an April 24, 2015, decision of an Immigration Judge ("IJ") denying Gong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shangbin Gong,* No. A206 560 419 (B.I.A. June 3, 2016), *aff'g* No. A206 560 419 (Immig. Ct. N.Y. City Apr. 24, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Gong's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," and on inconsistencies in an applicant's statements and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination here.

The crux of Gong's claim is that he was persecuted and fears persecution in China because he sent a letter to the government and the media suggesting five points to reform government institutions and combat corruption. The agency reasonably relied on inconsistencies between Gong's testimony, application, and his wife's letter. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies are reflected in the record and concern the contents of the letter and events on the day of his arrest. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 295 (2d

Cir. 2006) (concluding that "a material inconsistency" relating to "the very persecution from which [the applicant] sought asylum, . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citation omitted)).  For example, on cross examination, Gong testified that his letter identified specific instances of corruption at his workplace, but neither his application nor direct testimony included that information.  In addition, he explained that he had not produced a copy of the letter because police searched his home and seized his computer, but his wife's letter omitted these facts entirely.  Given that these omissions or inconsistencies go directly to the motivation for Gong's arrest and to events on the day of his arrest, the agency was not required to accept his explanations that he did not know to include such details or that his wife forgot about the search.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The adverse credibility determination is bolstered by the agency's demeanor finding. We defer to the demeanor finding, particularly given the evidence of Gong's pauses and difficulty answering questions or providing explanations for inconsistencies. *Majidi*, 430 F.3d at 81 n.1; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Given the multiple inconsistencies and the demeanor finding, the totality of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk